**Ronald E. HENDERSON, Plaintiff–Appellant,**

v.

**INTER–CHEM COAL CO., INC.; Nationwide Mining, Inc., a Kansas corporation; and Brent Nations, Defendants–Appellees.**

**Nos. 92–5118, 92–5119.**

United States Court of Appeals, Tenth Circuit.

Oct. 20, 1994.

As Modified on Denial of Rehearing Dec. 5, 1994.

Steven R. Hickman of Frasier & Frasier, Tulsa, OK, for plaintiff-appellant.

David W. Mills, P.C., Tulsa, OK, for defendants-appellees.

Before HOLLOWAY, BARRETT, and McKAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

This action was brought to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (FLSA). The district judge granted summary judgment for the defendants, holding that plaintiff was an independent contractor on undisputed facts shown by the exhibits and citing *Doty v. Elias*, 733 F.2d 720 (10th Cir.1984). Plaintiff Henderson appeals. His appeals raise the question whether summary judgment should have been granted deciding that he was an independent contractor of the defendants and not an employee for purposes of the FLSA.

■ We review de novo the district court's grant of summary judgment and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated*

*Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, we view all facts and any reasonable inferences that might be drawn from them in the light most favorable to the nonmoving party and determine whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Applied Genetics*, 912 F.2d at 1241. An issue of material fact is genuine if a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In support of their motion for summary judgment, defendants submitted several affidavits. The only evidence submitted by the plaintiff Henderson was an "unsworn statement under penalty of perjury." As they did below, the defendants object to consideration of this statement, arguing that it does not comply with the affidavit requirement of Fed.R.Civ.P. 56(e). As explained in the margin, the statement arguably could be considered by us.[1] However, we need not decide the validity of the statement for consideration in this appeal because, as explained below, we hold that the materials submitted by the defendants reveal genuine issues of material fact, precluding summary judgment. The fact that the affidavits complying with Rule 56 were all submitted by the defendants does not mean that summary judgment should be entered against Henderson. See Fed.R.Civ.P. 56(e) advisory committee's note (1963 amendment) ("[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."). The defendants still

---

1. Both below and on appeal the defendants have objected to consideration of the unsworn statement of Henderson as not being in proper affidavit form under Rule 56. However, 28 U.S.C. § 1746 provides that where any rule, regulation, order, etc. requires any matter to be supported by a sworn declaration, or the like, an unsworn declaration, certificate, verification or statement in writing, subscribed as true under penalty of perjury, in statutory form, may support the matter asserted. We have recognized that such an unsworn statement made in compliance with the statute may be submitted in lieu of affidavits in summary judgment proceedings. *Thomas v. United States Department of Energy*, 719 F.2d 342, 344 n. 3 (10th Cir.1983).

must show both that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

■ The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). An "employer" is defined as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* — U.S. —, —, 112 S.Ct. 1344, 1350, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g) (1992)). This definition "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Id.* Thus our inquiry is not limited by any contractual terminology or by traditional common law concepts of "employee" or "independent contractor." *Dole v. Snell,* 875 F.2d 802, 804 (10th Cir.1989). Instead, "the economic realities of the relationship govern, and the focal point is 'whether the individual is economically dependent on the business to which he renders service ... or is, as a matter of economic fact, in business for himself.'" *Id.* (citing *Bartels v. Birmingham,* 332 U.S. 126, 130, 67 S.Ct. 1547, 1549–50, 91 L.Ed. 1947 (1947)).

■ In applying this "economic reality" test, courts generally look to six factors: (1) the degree of control exerted by the alleged employer over the worker; (2) the worker's opportunity for profit or loss; (3) the worker's investment in the business; (4) the permanence of the working relationship; (5) the degree of skill required to perform the work; and (6) the extent to which the work is an integral part of the alleged employer's business. *Dole v. Snell,* 875 F.2d at 805; *see also Doty,* 733 F.2d at 722–23. This test is based upon the totality of the circumstances, and no one factor in isolation is dispositive. *Dole v. Snell,* 875 F.2d at 805 (citing *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S.Ct. 1473, 1477, 91 L.Ed. 1772 (1947)).

■ Even if we consider only the matters defendants submitted as evidence for the summary judgment ruling, "if an inference can be deduced from the facts whereby the non-movant might recover, summary judgment is inappropriate." *Stevens v. Barnard,* 512 F.2d 876, 878 (10th Cir.1975). The facts as stated in the affidavits indicate that the defendants showed Henderson what equipment to fix, while he decided how to fix it. Supplemental Appendix of Defendants/Appellees ("Appendix"), pp. 22, 27 (Affidavits of Dave Henson and Kenny Sisco). Henderson used his own specialized truck and tools. *Id.* at 19. (Affidavit of John Radaich). As a mechanic, Henderson did no other kind of work for the defendants. *Id.* at 20, 22, 25, 30, 34 (Affidavits of Radaich, Henson, Ernie Kazmir, Jack Kelly, and Danny Brinsfield). From these facts it could be inferred that defendants exerted little control over Henderson's work; that Henderson had invested his own money in his tools and truck; and that Henderson had the skills of a heavy equipment mechanic. Inferences such as these tend to support a legal conclusion that Henderson was an independent contractor.

Other facts from defendants' affidavits, however, tend to support an inference that Henderson was more economically dependent on defendants than not. First, Henderson was paid by the hour and worked primarily, if not exclusively, for the defendants. Appendix at 4, 11 (Motion for Summary Judgment and Agreement between Henderson and Inter–Chem). Thus, whether Henderson had a profitable year was wholly dependent on the defendants' situation. Second, the working relationship between Henderson and the defendants lasted approximately three years and four months. *See id.* at 2, 89. Finally, Henderson's work was not confined to a specific repair project, but instead consisted of repair of equipment as needed and requested by defendants. *See id.* at 2, 19, 22. These facts could support inferences by a trier of fact that Henderson's work (1) was more controlled by the defendants than not; (2) was an integral part of defendant's business; and (3) was permanent. These inferences in turn would support a legal conclusion that Henderson was an employee. Because a reasonable trier of fact could make these findings as to the factors noted above, defendants are unable to

show that they are entitled to judgment as a matter of law.

We conclude that based on defendants' affidavits a trier of fact could make findings which would support the legal conclusion that Henderson is an employee. Thus material facts remain in issue, and defendants were not entitled to a judgment as a matter of law.

 Because we are remanding for trial on the factual issues, we believe it is proper to clarify the analysis involved in the determination of whether an individual is an employee or an independent contractor under the FLSA. The analysis requires the district court to make three types of findings if it is the trier of fact.[2] *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1044–45 (5th Cir.), *cert. denied*, 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987); *accord Sec'y of Labor v. Lauritzen*, 835 F.2d 1529, 1535 (7th Cir. 1987), *cert. denied sub nom. Lauritzen v. McLaughlin*, 488 U.S. 898, 109 S.Ct. 243, 102 L.Ed.2d 232 (1988). The district court must first make findings of the historical facts surrounding Henderson's work and then use those findings to make findings as to the six factors set forth above. Findings of this second type, such as the degree of control, the degree of permanency and the like, "are plainly and simply based on inferences from facts and thus are questions of fact...." *Mr. W Fireworks*, 814 F.2d at 1044. Because findings of this second type are questions of fact, they are subject to the clearly erroneous standard of review, as are the underlying findings of historical fact. *Id.*

 The final finding the district court must make is the ultimate determination whether the individual is an "employee" under the FLSA. *Mr. W Fireworks*, 814 F.2d at 1045. This ultimate determination is a legal conclusion based on the factual inferences drawn from historical facts. *Id.* As such it is subject to de novo review by this court. *Id.; see also Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 712–13, 106 S.Ct. 1527, 1529, 89 L.Ed.2d 739 (1986) (reading *Rutherford v. McComb* as focusing on a legal question); *Reich v. Parker Fire Protection*

*Dist.*, 992 F.2d 1023, 1025 (10th Cir.1993) (ultimate determination of employee status is one of law).

Accordingly, we **REVERSE** the summary judgment for the defendants and **REMAND** for further proceedings.

---

2. If the trial is to a jury, the district court should give instructions to the jury which lay out the pertinent factors to be considered, as articulated above.