68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ralph M. LEPISCOPO, Petitioner,
v.
John THOMAS, Warden of the Penitentiary of New Mexico, Respondent.
 No. 94-2230.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1995.
 
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Ralph M. Lepiscopo appeals from the district court's grant of summary judgment and dismissal of his 28 U.S.C. 2254 habeas corpus petition. We grant petitioner's application for certificate of probable cause, reverse, and remand for further proceedings.
 
 
 3
 Petitioner entered into a plea agreement in 1986, pleading guilty to attempted escape from the New Mexico State Penitentiary. Pursuant to the agreement, petitioner agreed to be confined in maximum security until the state erected a perimeter fence around an area of the penitentiary where, upon completion of the fence, petitioner would be released into the general prison population. The fence was never completed, and petitioner remained in maximum security until 1990 when he filed a petition for writ of habeas corpus based on the state's failure to comply with the terms of the plea agreement. The district court granted the writ and vacated petitioner's conviction conditioned upon the state retrying him within six months. The state did not retry him, and petitioner remained in maximum security.
 
 
 4
 Petitioner filed a second petition for writ of habeas corpus, constitutionally challenging his confinement in maximum security for the period beginning with the district court's order vacating his sentence on May 23, 1990, and ending with his filing of his second petition on December 5, 1990. Following a hearing and briefing, the district court dismissed the petition.
 
 
 5
 On appeal, we held that petitioner's maximum security confinement during the time period in question was in "flagrant" violation of the Duran consent decree, Duran v. Apodaca, No. Civ.-77-721-C (D.N.M.1980), governing under what conditions a New Mexico inmate may be confined to maximum security. Lepiscopo v. Tansy, No. 92-2298, slip op. at 6-7 (10th Cir. Dec. 16, 1993). As redress, petitioner asked to be awarded any good time credits he could have earned in the general population. Id. at 2. Because the record was unclear and lacking in sufficient findings on the issue of petitioner's entitlement to good time credits, we remanded the matter to the district court for a determination of whether "Mr. Lepiscopo could have earned more good time credits had he been confined in the general population during the period in question." Id. at 3. We further directed that in the event the district court found that petitioner could have earned more good time credits in the general population, the court should order those credits awarded, but in the event the court should find otherwise, it should deny the writ. Id.
 
 
 6
 On remand, the district court ordered respondent to file a motion for summary judgment addressing the issue of whether petitioner could have earned more good time credits had he been housed in the general prison population. Respondent's motion stated that, due to petitioner's disciplinary infractions, he would not have been entitled to the award of meritorious good time credits. In support, respondent attached the affidavit of Elizabeth Savage, records manager during the period in question, stating that petitioner's disciplinary record would have precluded him from earning any good time credits regardless of his confinement classification.
 
 
 7
 In his response, petitioner surmised that certain of his disciplinary infractions may have been exclusive to maximum security housing and would not have occurred if he had been housed in the general population. Petitioner requested an evidentiary hearing in order to present evidence and testimony to support his contention that his housing classification affected his eligibility to earn good time credits. In addition, petitioner requested that respondent be ordered to produce his disciplinary reports for the period in question in order to facilitate his efforts to prove that he was unjustly denied good time credits.[2] Petitioner filed a supplemental response attaching an affidavit from Mark Donatelli, class co-counsel in the Duran litigation, stating that there was "an enormous disparity in the availability of work, education and vocational education programming between those inmates housed in the general population, especially at the PNM-Main Facility, and those inmates housed in the Administrative Segregation units at the PNM-North Facility." R. I tab 59.
 
 
 8
 The magistrate judge recommended that summary judgment be granted to respondent based on petitioner's failure to adequately refute Ms. Savage's assertion that petitioner could not have earned any more meritorious good time credits in the general population. The district court agreed and adopted the recommendation of the magistrate judge.
 
 
 9
 "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994)(quoting Fed.R.Civ.P. 56(c)), cert. denied, 115 S.Ct. 934 (1995). We review a grant of summary judgment de novo, construing the factual record and all inferences therefrom in a light most favorable to the nonmoving party. Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 
 10
 Petitioner's original habeas corpus petition filed pro se on December 5, 1990, did not raise the issue of good time credits. On appeal petitioner requested award of the credits he was allegedly deprived of as redress for his illegal confinement in maximum security. See Lepiscopo v. Tansy, No. 92-2298, slip op. at 2. The respondent's court-ordered summary judgment motion was the first pleading before the district court substantively addressing the issue.
 
 
 11
 The district court's grant of summary judgment, based solely on petitioner's failure to adequately refute the statement of Ms. Savage in the affidavit supporting respondent's motion for summary judgment, leaves a number of unanswered questions. The New Mexico statutory scheme provides for two categories of discretionary good time credit which an inmate can earn. Upon recommendation of the classification committee and approval of the warden, an inmate can earn thirty days per month of "meritorious" good time credit, provided the inmate meets certain standards of discipline and participation in work and educational activities. N.M. Stat. Ann. 33-2-34A. In addition, an inmate earns a maximum of twenty days "industrial" good time per month based on his or her performance in an "enterprise" program.[3] Id. 33-8-14.
 
 
 12
 New Mexico law provides that the corrections department shall promulgate rules and regulations for the implementation and administration of meritorious good time credit awards. N.M. Stat. Ann. 33-2-34D. The parties appear to agree that the regulations allow for termination of an inmate's ability to earn meritorious good time credits for ninety days following certain disciplinary infractions. However, the record on appeal is void of any evidence that either party presented evidence to the court of the applicable rules and regulations or elaborated on how they were applied to petitioner during the period he was wrongfully held in maximum security. In addition, there is no indication that the issue of whether petitioner could have earned "industrial" good time credits if he had been properly housed was ever addressed.
 
 
 13
 The advisory committee's note to the 1963 amendment to Fed.R.Civ.P. 56 states that "[w]here the evidentiary matter in support of the [summary judgment] motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." In Henderson v. Inter-Chem Coal Co., 41 F.3d 567, 569-70 (10th Cir.1994), this court, relying on this interpretation of Rule 56, held that "[t]he [movants] still must show both that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law." In this case, respondent failed to meet his burden, and therefore, summary judgment is inappropriate.
 
 
 14
 Without expressing a view as to the merits of petitioner's claim, we hold that this court's remand in No. 92-2298 required a more thorough factual inquiry than that conducted by the district court in granting summary judgment. Therefore, petitioner's application for a certificate of probable cause is GRANTED, the judgment of the United States District Court for the District of New Mexico is REVERSED, and the matter is REMANDED with directions to the district court to conduct an evidentiary hearing in this matter.
 
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner contends that respondent refused to provide him with copies of his disciplinary reports. In his appellate brief, respondent admits that he formally objected to supplying petitioner with copies of the reports. Respondent's Answer Br. at 5
 
 
 [3]
 An "enterprise" is defined as "a manufacturing, agricultural or service operation or group of closely related operations within the bounds of a facility but does not include standard facility maintenance activities and services." N.M. Stat. Ann. 33-8-2C