81 F.3d 173
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rosina SALAZAR, Plaintiff-Appellant,
v.
RIO ARRIBA COUNTY, State of New Mexico; Rio Arriba County
Board of Commissioners; Arthur R. Rodarte, individually and
in his official capacity; Alfredo L. Montoya, individually
and in his official capacity; Ray R. Tafoya, individually
and in his official capacity, Defendants-Appellees.
 No. 95-2086.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Rosina Salazar appeals from the district court's order granting summary judgment to defendants-appellees on her complaint under 42 U.S.C.1983. Plaintiff alleges that defendants wrongfully terminated her employment in violation of her rights under the First and Fourteenth Amendments to the United States Constitution. We have jurisdiction pursuant to 28 U.S.C. 1291 and reverse.
 
 I.
 
 3
 Plaintiff became director of the Rio Arriba County Housing Authority (Authority) in 1987. Plaintiff is a member of a faction within the Democratic party in Rio Arriba County associated with Emilio Naranjo, former county manager of Rio Arriba County (hereafter referred to as the "Naranjo faction"). Plaintiff attended and worked at rallies for the Naranjo faction and was a known supporter of that faction.
 
 
 4
 In 1992, defendants Alfredo Montoya and Ray Tafoya, members of a Democratic party faction which opposes the Naranjo faction, were elected to, and formed a majority of, the Rio Arriba County Board of Commissioners (Board). In January 1993, the Board voted to discharge plaintiff from her position as director of the Authority. On February 1, 1993, Mr. Rodarte mailed plaintiff notice of the Board's intent to discharge her. Although the notice informed plaintiff of her right to a hearing, plaintiff did not request a hearing concerning her termination because, as she testified, she felt it would have been futile to do so. Instead, she filed this action.
 
 II.
 
 5
 "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c)." Ingels v. Thiokol Corp., 42 F.3d 616, 620 (10th Cir.1994)(citing Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990)). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We review the record in the light most favorable to the nonmoving party, Treff v. Galetka, 74 F.3d 191, 193 (10th Cir.1996), according her the benefit of any reasonable inferences which may be drawn therefrom, see Henderson v. Inter-Chem Coal Co., 41 F.3d 567, 569 (10th Cir.1994).
 
 III.
 
 6
 The district court found that genuine issues of material fact remained concerning whether plaintiff was terminated for legitimate, nonpolitical reasons. Having reviewed the entire record under the de novo standard outlined above, we agree. The close temporal proximity between the election and plaintiff's firing, the termination by defendants of the Housing Authority Board, which supervised plaintiff, together with dismissals of other Naranjo supporters, all created genuine issues of material fact concerning the reason for plaintiff's termination sufficient to survive summary judgment.
 
 IV.
 
 7
 The district court granted summary judgment for defendants on an alternate basis: that plaintiff was subject to political patronage dismissal. See Branti v. Finkel, 445 U.S. 507, 517-18 (1980)(describing conditions under which patronage dismissals are permitted); see also Rutan v. Republican Party of Ill., 497 U.S. 62, 74 (1990). Relying on Jimenez Fuentes v. Torres Gaztambide, 807 F.2d 236, 243-45 (1st Cir.1986), cert. denied, 481 U.S. 1014 (1987), the district court concluded that plaintiff's First and Fourteenth Amendment rights were not violated by her termination, even if she was fired solely for political reasons.
 
 
 8
 Branti, and its predecessor, Elrod v. Burns, 427 U.S. 347, 372-73 (1976), outlined the circumstances under which an employee who is not subject to civil service protections, see Elrod, 427 U.S. at 350, or who serves at the pleasure of his employer, see Branti, 445 U.S. at 509, may constitutionally be discharged for political reasons. Such employees may only be discharged where political affiliation is an appropriate requirement for the effective performance of their job duties. See Branti, 445 U.S. at 518. In determining whether political affiliation is an appropriate requirement, we "analyz[e] the nature of the employee's duties and responsibilities ... focus[ing] on the inherent powers of the position[ ] as well as on the actual duties performed." Dickeson v. Quarberg, 844 F.2d 1435, 1442 (10th Cir.1988).
 
 
 9
 In her affidavit in resistance to defendants' motion for summary judgment, plaintiff stated that her "position as director of the Rio Arriba County Housing Authority was a classified position, meaning I could only be terminated for cause in accordance with the personnel policies of Rio Arriba County." Appellant's. App., doc. 5 at 84. This contention is supported by portions of the personnel policy manual which defendants attached to their summary judgment brief. Id., doc. 4 at 70-75. The notice of intent letter submitted by defendants in support of summary judgment reveals that they treated plaintiff as a "permanent" employee during the termination process, according her the procedural rights outlined in paragraph 4.7 of the policy manual. Id. at 67, 71.
 
 
 10
 Where a public employer has recognized that political affiliation is not an appropriate job requirement, by classifying the position and making the employee subject to dismissal only for cause, it can be inferred that the position is exempt from political patronage dismissal. See Stott v. Haworth, 916 F.2d 134, 142 (4th Cir.1990). This follows from the Supreme Court's observation that the civil service or merit system was developed in a deliberate attempt to escape the negative consequences of the patronage system. See Elrod, 427 U.S. at 354. Elrod and Branti both implicitly recognized that civil service employees are exempt from political patronage dismissals by the very nature of their employment.
 
 
 11
 Given the statement in plaintiff's affidavit, the portions of the personnel manual submitted by defendants, and the letter giving plaintiff notice of her termination and stating the causes therefor, we hold that a genuine issue of material fact exists concerning whether plaintiff's position was subject to political patronage dismissal. This genuine issue of material fact precludes summary judgment for the defendants on plaintiff's First Amendment claim relating to freedom of speech, belief and association.
 
 
 12
 The judgment in the district court states that plaintiff's liberty, due process and equal protection claim was dismissed, as plaintiff had stipulated to dismissal. In the district court's memorandum opinion and order, it also declined supplemental jurisdiction under 28 U.S.C. 1367(c)(3) over plaintiff's state law claims, on the ground that all federal claims had been dismissed. The district court may also wish to reconsider on remand its order declining supplemental jurisdiction. See Miller v. Glanz, 948 F.2d 1562, 1567 (10th Cir.1991). Accordingly, the dismissal of plaintiff's liberty, due process and equal protection claim shall remain in effect; the judgment of the United States District Court for the District of New Mexico is VACATED with respect to plaintiff's First Amendment claim, that portion of its memorandum opinion and order declining supplemental jurisdiction is also VACATED, and the case is REMANDED for further proceedings in accordance with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3