**Raymond H. LADD, Plaintiff,**

v.

**Robert D. HANNIGAN, et al., Defendants.**

No. 95–3062–JWL.

United States District Court, D. Kansas.

April 3, 1997.

Raymond H. Ladd, Lansing Correctional Facility, Lansing, KS, pro se.

Lawrence J. Logback, Hsing Kan Chiang, Office of Attorney General, Kansas Judicial Center, Topeka, KS, for Robert D, Hannigan, Babette Beach, Jolene Rhine.

Hsing Kan Chiang, Office of Attorney General, Kansas Judicial Center, Topeka, KS, Stephen W, Kessler, Topeka, KS, for Cheryl Allen.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff, an inmate at Hutchinson Correctional Facility (HCF), has brought this suit under 42 U.S.C. § 1983, alleging that he was denied his constitutional right of access to the courts. The matter is presently before the court on defendants' motion for summary judgment (Doc. 36). For the reasons set forth below, the court grants the motion, and plaintiff's claims are hereby dismissed.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a

1. Plaintiff's complaint was verified under 28 U.S.C. § 1746, and therefore it has the force and effect of an affidavit for summary judgment pur-

**1391**

judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–12).

In this lawsuit, plaintiff makes a number of complaints about his access to the prison law library and to the materials contained therein during the period between his transfer to HCF on December 14, 1994, and the filing of his complaint on February 9, 1995.[1] Plaintiff also complains about a lack of assistance from legal service attorneys.

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828, 97 S.Ct. at 1498. There is no specific constitutional right to a law library, however; a library merely constitutes one constitutionally acceptable method to assure meaningful access to the courts. *Lewis v. Casey*, —— U.S. ——, —— – ——, 116 S.Ct. 2174, 2179–80, 135 L.Ed.2d 606 (1996) (citing *Bounds*, 430 U.S. at 830, 97 S.Ct. at 1499).

Additionally, the constitutional obligation to provide inmates access to courts does not require states to give inmates unlimited access to a law library, and inmates do not have the right to select the method by which access will be provided.

poses. *See Henderson v. Inter–Chem Coal Co.*, 41 F.3d 567, 569 n.1 (10th Cir.1994).

**1392**

*Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir.1996). The standard is that the inmate's access to the courts must be "adequate, effective, and meaningful." *Petrick v. Maynard,* 11 F.3d 991, 994 (10th Cir.1993) (quoting *Bounds,* 430 U.S. at 822, 97 S.Ct. at 1495). Finally, "an inmate must satisfy the standing requirement of 'actual injury' by showing that the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." *Penrod,* 94 F.3d at 1403 (citing *Lewis,* —— U.S. at ——, ——, 116 S.Ct. at 2179, 2182).

■ The uncontroverted facts establish that plaintiff's right to meaningful access to the courts was not violated. Plaintiff was given access to the law library on 29 different days between December 27, 1994, and March 30, 1995. A librarian copied over 1,100 pages for plaintiff in January alone. The library contained numerous books that could be checked out, but plaintiff made no effort to obtain a library card. Plaintiff constantly complained to the librarians about not having enough time in which to research and prosecute his lawsuits; nonetheless, he spent some of his library time assisting another inmate to prepare legal documents. On one occasion, plaintiff requested emergency library time because of an impending deadline, but then failed to show up at the scheduled time. Most significantly, plaintiff has filed over 40 suits from 1990 to 1995; thus, plaintiff can hardly be heard to complain that he has not had meaningful access to the courts. *See Lewis,* —— U.S. at ——, 116 S.Ct. at 2181 (right of access is right to present grievances to courts; state is not required to enable the inmate to litigate effectively once in court).

■ In addition, as noted above, plaintiff does not have a right to any particular kind of assistance in filing his claims; thus, plaintiff's claim that he was rebuffed by a legal services attorney cannot survive given his meaningful access to the courts.

■ Moreover, plaintiff has not satisfied the standing requirement of "actual injury" because he has not presented evidence that he suffered prejudice in a particular suit specifically from a denial of access to legal materials or help from a legal assistance attorney. Accordingly, defendants are entitled to summary judgment on this claim.

■ Plaintiff's complaint also appears to allege a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Hall,* 935 F.2d at 1110 (court must liberally construe pleadings of pro se litigant). Plaintiff complains about various conditions of his confinement, including the heat, size, and lighting of his cell, being permitted to clean his cell only once a week, and being allowed only one cup of ice each evening.

■ Plaintiff has not responded to defendants' motion for summary judgment with respect to this issue, and thus any such claim may be considered abandoned. Moreover, plaintiff has not provided evidence that the conditions of his confinement effect a punishment that involves the "unnecessary and wanton infliction of pain" or is "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman,* 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Therefore, the court grants summary judgment on plaintiff's Eighth Amendment claim.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion for summary judgment (Doc. 36) is granted, and plaintiff's claims are hereby dismissed.

**IT IS SO ORDERED.**