**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEPHEN L. WILSON,

        Plaintiff-Appellant,

v.

COUNTY OF BERNALILLO,

        Defendant-Appellee.

No. 99-2197
(D.C. No. CIV-98-411-LH/LFG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**   *

_____

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Stephen L. Wilson brought this action alleging that his former

employer, the County of Bernalillo, New Mexico, terminated his employment in

_____

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. On the County's motion for summary judgment, the district court held that Wilson could not perform the essential functions or duties of his position and that there was no reasonable accommodation that would allow him to do so. The court therefore granted judgment in the County's favor. Plaintiff appeals. Reviewing the district court's decision de novo, *see Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999), we affirm.

Wilson worked for the County from June 1980 until September 1997, and his last position was as the staff training manager at the County's Juvenile Detention Center. He had hip replacement surgery in 1991, but he returned to work with restrictions that he avoid situations in which he could damage his artificial hip and that he alternate sitting and walking as necessary. In July 1996, he underwent additional hip surgery and was out of work on a medical leave of absence. When he asked to return to work, the County required that he first provide a full medical release. The physician's release he provided to the County indicated that he could return to work with the limitation, relevant to this case, that he avoid any situations in which he would have to restrain inmates. The County would not let him return to work on the basis that one of the essential functions of his position required him to be able to occasionally restrain inmates weighing up to 175 pounds, and his medical release prohibited him from doing

that.  Wilson sought an accommodation in his work duties such that he could work outside the presence of inmates and thus would not be placed in a situation in which he would have to restrain them.  The County refused to provide this accommodation, but extended his leave status.  In September 1997, on the same day he received a right-to-sue letter from the EEOC, the County terminated his employment.  Wilson filed this action in December 1997.

To sustain a claim under the ADA, Wilson must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, meaning that either with or without reasonable accommodation, he can perform the essential functions or duties of his job; and (3) the County terminated him because of his disability.  *See Anderson*, 181 F.3d at 1175.  The district court held that he was impaired, but that there were disputed issues of fact regarding whether his impairment substantially limited any major life activities, thus making him a disabled person under the ADA.  The court held, however, that it was undisputed that Wilson was not a qualified individual.  Relying primarily on the written job description for the position, the court held that restraint of inmates was an essential duty.  Wilson admitted he could not perform this duty, and the court held that there was no reasonable accommodation that would enable him to perform it.  It therefore granted summary judgment to the County.

"The term 'essential functions' is defined as 'the fundamental job duties of the employment position the individual with a disability holds or desires.'" *Martin v. Kansas*, 190 F.3d 1120, 1130 (10th Cir. 1999) (quoting 29 C.F.R. § 1630.2(n)(1)). Determining whether a particular function is essential is a factual inquiry. *See id.* In making this determination, courts must give consideration to the employer's judgment as to what functions of a job are essential, including those functions contained in a written job description. *See id.*; *see also* 29 C.F.R. § 1630.2(n)(3)(ii) (evidence of whether a particular function is essential includes "[w]ritten job descriptions prepared before advertising or interviewing applicants for the job").

On appeal, Wilson contends that there is a factual dispute regarding whether restraint of 175-pound inmates was an essential function of his job. He first points out that neither the major duties and responsibilities nor minimum qualifications listed on the position description expressly require restraint of inmates, and he argues that this shows that restraint of inmates bears only a marginal relationship to the position. *See* 29 C.F.R. § 1630.2(n)(1) ("The term 'essential functions' does not include the marginal functions of the position."). He also contends that when he was first promoted into the position, the job description did not include any activities related to restraining inmates.

Wilson's argument fails to consider the written job description as a whole. One of the stated minimum qualifications for the position was the "[a]bility to interact effectively and professionally with inmates," *see* Appellant's App. Vol. I at 38, and the job description further required that the employee be able to listen to and counsel inmates, *see id.* at 39. The duties of the position thus required that the employee will have contact with inmates.

The job description also made it clear that the ability to restrain inmates was a significant requirement for the position. The job description stated that as a condition of employment, the employee "must undergo 80 initial hours of on-the-job training, including State Juvenile Code and 'A Level' Restraint Training" and be recertified in these areas every six months. *Id.* at 38. The physical function section of the job description stated that the employee "[m]ust be able to physically restrain JDC residents weighing up to 175 pounds on an occasional basis using methods taught in 'A Level' Restraint Training." *Id.* at 39. Under "working conditions," the job description stated that work hazards included the possibility of personal injury while restraining or pursuing inmates. *See id.* at 38. The job description further indicated that the employee utilizes handcuffs and shackles on a frequent basis. *See id.* at 38.

Clearly, the job description shows that the position requires interaction between the staff training manager and inmates and the ability to restrain inmates

when necessary. Additionally, the job description was in effect several years before Wilson became the staff training manager. The "job description" he claims was in effect when he was promoted into the position is actually a "Temporary Salary Increase Request" form that contains a brief summary of the position's "work activity" and cannot reasonably be construed as a job description. *See id.* Vol. 2 at 78. The job description therefore is evidence that restraint of inmates is an essential function of the position. *See* 29 C.F.R. § 1630.2(n)(3)(ii).

To rebut this evidence and create a disputed fact issue, Wilson argues that his unsworn declaration and deposition testimony demonstrate that the restraint requirement was not an essential function of the job. Wilson's unsworn declaration was prepared under penalty of perjury, and therefore, could be used like an affidavit for summary judgment purposes. *See* 28 U.S.C. § 1746; *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 n.1 (10th Cir. 1994). He contends that his declaration and deposition testimony show

> there is no requirement that the Staff Training Manager work in the back of the facility where the juvenile inmates were housed and further that the previous staff training manager seldom or rarely went into the back of the center and consequently did not interact with the juveniles. Wilson also testified that the previous staff training manager did not go through the restraint training program and that she was not capable of restraining a 175 pound JDC inmate.
>
> Wilson additionally testified that the job description of all employees required that they restrain 175 pound inmates yet many

had never done so and several could not do so. None had ever been tested restraining a 175 pound inmate. Wilson also testified that for the two years that he served as the Staff Training Manager he was never required to restrain a 175 pound inmate.

Appellant's Br. at 21 (emphasis and citations omitted).

In opposing summary judgment, "the nonmoving party need not produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible." *Thomas v. IBM*, 48 F.3d 478, 485 (10th Cir. 1995) (quotation and citation omitted). In its summary judgment reply brief in the district court, the County requested that Wilson's declaration be stricken on the basis that it was speculative and conclusory and was largely just his opinion. Although the district court did not refer to the information contained in the declaration in granting summary judgment, it is not clear whether it granted the County's request. In its response brief on appeal, the County reasserts its contention that the declaration should not be considered because it does not contain admissible evidence.

"Under Fed. R. Civ. P. 56(e), only statements 'made on personal knowledge' will support [an opposition to] a motion for summary judgment; statements of mere belief must be disregarded." *Tavery v. United States*, 32 F.3d 1423, 1426 n.4 (10th Cir. 1994). Conclusory and self-serving statements are similarly disregarded. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) ("To survive summary judgment, nonmovant's affidavits must be based

-7-

upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.") (quotation omitted). We agree that most of the information in the declaration, and deposition as well, on which Wilson relies to try to create an issue of fact is inadmissible and therefore ineffective for summary judgment purposes.

Although Wilson contends in his reply brief on appeal that the declaration is based on personal knowledge, the declaration itself does not say that, nor is there other indication that it is based on anything more than his belief or opinion. His argument quoted above is based on the following statements from the declaration:

> 3. The staff training Manager whose position I took, Sue Furney, seldom or rarely went into the back of the center and consequently did not interact with the juveniles. She did not go through restraint training as a program director, as an Assistant Director or as the Training Officer nor is she capable of restraining a 175 pound JDC inmate.
>
> 4. Defendant's job descriptions for the JDC stated that every employee from the Director on down had to be able to restrain 175 pound inmates. Yet many of the employees had never done so and in fact several could not do so. None had ever been tested restraining a 175 pound inmate.

Appellant's App. Vol. 2 at 72-73. His related deposition testimony makes it clear these statements are not based on personal knowledge. When asked whether he knew if Furney had gone through restraint training, he stated, "I do not know it for an absolute fact, but I can say with a high degree of certainty that she never

did." *See id.* at 94 (Tr. at 105-06). He also stated that in his "opinion," neither Furney nor the other employees to which he refers above could perform restraint techniques because they were too small, too overweight, or did not have the right "attitude." *See id.* at 94-97 (Tr. at 106, 107-19) Moreover, some of the declaration's statements on which he relies are improperly conclusory. *See id.* at 72 (Declaration at ¶ 2) ("There was no requirement that the Staff Training Manager work in the back of the center and hence there was no reason for the Staff Training Manager to be able to restrain 175 pound juvenile inmates.").[1] Wilson has thus failed to show, through admissible evidence, that there is a disputed issue of fact regarding whether restraint of inmates was an essential function of his position.

Wilson also contends that even if restraint of inmates is an essential function, the County could reasonably accommodate his inability to perform this function by changing the duties of the position so he would "not hav[e] to go into the 'back' where inmates are housed." Appellant's Br. at 29. Wilson is essentially arguing that the County must restructure the duties of the position to

---

[1]     Wilson's argument seems to emphasize the "175 pound inmate" aspect of the restraint requirement. Thus, he stated in his declaration that during his employment as staff training manager, "I was never required to restrain a 175 pound inmate," Appellant's App. Vol. 2 at 75, despite his earlier testimony at his deposition that he had to restrain an inmate on two occasions while in that position, *see id.* at 94 (Tr. at 107). His physician restricted him from restraining any inmates, however, *see id.* Vol. 1 at 45, not just 175-pound ones.

eliminate any requirement that he have contact with inmates, thereby obviating the need for him to restrain inmates. "[T]he ADA does not require an employer to create a new position or even modify an essential function of an existing position in order to accommodate a disabled worker." *Martin*, 190 F.3d at 1133. Moreover, as the district court noted, it is the County's judgment that employees need to meet the restraint requirement, and the accommodation Wilson requests could risk the safety of other employees. *See Anderson*, 181 F.3d at 1177 ("It is the employer's province to define the job and the functions required to perform it."). We agree with the district court that redesigning the position would not be a reasonable accommodation.

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge