**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 13, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

ANNETTE HENRIE,

    Plaintiff - Appellant,

v.

CARBON SCHOOL DISTRICT, a
political subdivision of the State of Utah,

    Defendant - Appellee.

No. 22-4015
(D.C. No. 2:19-CV-00732-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Annette Henrie worked for the Carbon School District as a teacher. She had a difficult working relationship with her supervisor beginning in 2012, and then in 2016 she accused him of sexual harassment. After she retired in 2017, Ms. Henrie sued the District under Title VII, 42 U.S.C. § 2000e-3, and Title IX, 20 U.S.C. § 1681, for past retaliation based on her complaints of the harassment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court granted summary judgment for the District. Because the District engaged in no actionable retaliation, we affirm.

## I. Background

The parties are familiar with the background facts, so we recite only those necessary to our disposition.

When Ms. Henrie worked for the District, she had a poor relationship with her supervisor, Robert Cox, the District's Special Education and Human Resources Director. In September 2015, she sent the District a memorandum complaining about Mr. Cox. Although Ms. Henrie accused Mr. Cox of demeaning and belittling behavior, she did not specifically allege sexual harassment or other unlawful discrimination. In response, the District implemented several changes to help Ms. Henrie, including providing her with a new supervisor. Mr. Cox never supervised her again.

A year later, in November 2016, Ms. Henrie reported to the District that Mr. Cox had sexually harassed her four years earlier, during the spring of 2012. In a written complaint she accused Mr. Cox of staring at her body in sexually suggestive ways and moving his hips in a way that made her uncomfortable. She also acknowledged that she had not previously reported the sexual harassment. The District investigated and found Ms. Henrie's claims were unsupported. She retired in June 2017.

In 2019, Ms. Henrie sued the District for, among other things, retaliation in violation of Title VII and Title IX. The district court granted summary judgment for

2

the District on all her claims.  With respect to retaliation, although the court found Ms. Henrie's 2016 complaints were protected activity, it concluded no reasonable jury could find the alleged conduct—excluding her from meetings; taking her off Medicaid billing training; and issuing her a corrective letter—constituted materially adverse employment actions.

Ms. Henrie appeals only the grant of summary judgment on her retaliation claims.

## II.  Analysis

Ms. Henrie alleges the district court erred in granting summary judgment on her retaliation claims.  She contends enough evidence exists for them to go to a jury.

We review a grant of summary judgment de novo, applying the same standard as the district court.  *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "An issue of material fact is genuine"—and will therefore preclude summary judgment—"if a 'reasonable jury could return a verdict for the nonmoving party.'"  *Henderson*, 41 F.3d at 569 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Title VII prohibits employers from retaliating against employees who engage in protected activity, *i.e.*, opposing "an unlawful employment practice" like discrimination because of sex.  42 U.S.C. § 2000e-3(a).  Title IX prohibits

3

educational programs that receive federal funding from retaliating against employees who oppose discrimination because of sex. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 178 (2005). Sexual harassment is discrimination because of sex. *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1152 (10th Cir. 2006) (Title IX); *Winsor v. Hinckley Dodge, Inc.*, 79 F.3d 996, 1000 (10th Cir. 1996) (Title VII).

To make a prima facie case of retaliation, Ms. Henrie must show (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) "there is a causal connection between the protected activity and the adverse employment action." *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1263–64 (10th Cir. 1998) (internal quotation marks omitted). An employee engages in protected activity only if she opposes an *unlawful* employment practice. *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002).

To establish an adverse employment action, Ms. Henrie must show "a reasonable employee would have found the challenged action *materially* adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted; emphasis added). "[N]ot everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). Generally, "petty slights, minor annoyances, and simple lack of good manners" do not qualify. *White*, 548 U.S. at 68. "Otherwise, minor and even

4

trivial employment actions . . . would form the basis of a discrimination suit." *Johnson v. Weld County*, 594 F.3d 1202, 1216 (10th Cir. 2010) (internal quotation marks omitted). Adverse conduct must carry "a significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects" to be considered actionable. *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1239 (10th Cir. 2004) (internal quotation marks omitted).

We agree with the district court that the 2015 complaint does not allege protected activity. Although the complaint alleged Mr. Cox treated Ms. Henrie poorly and unprofessionally, it never alleged Mr. Cox engaged in sexual harassment or other discriminatory acts because of her sex.

But Ms. Henrie's 2016 complaint—when she specifically accused Mr. Cox of sexual harassment—does constitute protected activity under Title VII and Title IX. We thus consider whether the District's alleged retaliatory conduct constituted materially adverse employment actions.

Ms. Henrie contends the District engaged in three forms of retaliatory conduct. We conclude they do not qualify as materially adverse employment actions.

### A. Meetings

Ms. Henrie first alleges the District retaliated against her by excluding her from meetings she normally participated in.

When she was still supervised by Mr. Cox, he occasionally asked Ms. Henrie to substitute for him at special education directors' meetings. After the

complaints (it is unclear from the briefs whether the September 2015 complaint or the November 2016 complaints are the basis for this claim), she claims she was excluded from directors' meetings. But she makes no claim that her new supervisor intentionally excluded her from the meetings. Moreover, since Ms. Henrie was not a director and did not regularly attend those meetings, any "exclusion" was—at most—a petty slight.

Ms. Henrie also asserts she was left out of a spring 2017 meeting about how the District would respond to a request from the Utah State Board of Education. She claims this was a project she ordinarily would have been involved in. But all the record shows is that only a minor piece of information from Ms. Henrie was needed for the report, so someone else was tasked to obtain it. Mr. Cox also testified he could not use Ms. Henrie for the project "because at that time [he] was to have no contact with [Ms. Henrie]." Supp. App. 497.

Again, Ms. Henrie's exclusion from one meeting where she only had to provide a minor data point was not a materially adverse action.

### B. Medicaid Billing Training

Ms. Henrie next alleges the District retaliated against her by stopping her training on Medicaid billing. She never actually did any billing but rather "did the Medicaid time studies" because she "was supposed to take over the Medicaid billing" when the incumbent left, so she "was supposed to go in and be trained." Supp. App. 161–62. But she did not do significant training because the incumbent "wasn't ready to step down yet." Supp. App. 163. The District later

6

informed Ms. Henrie that someone else would take over billing if and when the incumbent stepped down.

By her own admission, Ms. Henrie had not undergone significant training because the incumbent was not ready to leave. *Cf. White*, 548 U.S. at 69 (emphasis added) ("But to retaliate by excluding an employee from a weekly training lunch that *contributes significantly* to the employee's professional advancement might well deter a reasonable employee from complaining about discrimination."). Her case may have been different if she had undergone significant training, had done some billing, was on the cusp of taking over billing, or had a set date when she would take over. But here, the District stopped Ms. Henrie from doing minimal training for a position she might take over at some undetermined point in the future.

This was not a materially adverse action.

### C. Letter

Lastly, Ms. Henrie alleges the District retaliated against her when it issued a letter in January 2017 that accused her of talking negatively about Mr. Cox. Her conduct supposedly made other employees uncomfortable, violated several District policies, and interfered with her work. The letter was "a directive to stop spreading negative information" and to focus on her work. App. 205. The letter stated that if Ms. Henrie believed the District "received inaccurate information and [she had] not been speaking negatively about Mr. Cox and [had] been [fulfilling her responsibilities], then [she should] please continue to do [her] job

as expected." *Id.*  The letter emphasized it was "a directive and not a disciplinary letter" and that it would "not go in [her] permanent personnel file." *Id.*

By its plain terms, the letter was not a formal reprimand or other disciplinary measure.  And the District even acknowledged it could be wrong on the substance and requested clarification if necessary.  Importantly, the letter stated it would not be placed in Ms. Henrie's permanent personnel file, indicating it would not be used for future employment decisions or otherwise harm her.  Nor does she allege that it caused her to retire after the 2016-17 school year.  *See Alabi v. Vilsack*, 860 F. App'x 576, 582 (10th Cir. 2021) (concluding a warning letter was not a materially adverse employment action when there was no evidence it caused the employee "any serious injury or material disadvantage").  The corrective letter would not have dissuaded a reasonable employee from reporting discrimination and cannot be considered a materially adverse employment action.

\* \* \*

In sum, Ms. Henrie has not provided sufficient evidence to show she suffered a materially adverse employment action.  Because no reasonable jury could find the District engaged in retaliatory conduct, summary judgment was appropriate.

## III.  Conclusion

For the foregoing reasons, we affirm the district court.


Entered for the Court


Timothy M. Tymkovich
Circuit Judge