**Dennis COUNTS, and Delores Counts, Plaintiffs–Appellants,**

**v.**

**KISSACK WATER AND OIL SERVICE, INC., Profit Sharing Plan, Claude Kissack, Representative; Kissack Water and Oil Service, Inc., Plan Administrator, Claude Kissack, President, Defendants–Appellees.**

**No. 92–8036.**

United States Court of Appeals, Tenth Circuit.

Feb. 1, 1993.

Order Denying Rehearing March 12, 1993.

---

Dennis Counts and Delores Counts, pro se.

Haultain E. Corbett, of Lonabaugh and Riggs, Sheridan, WY, for defendants-appellees.

Before McKAY, Chief Judge, SEYMOUR, and KELLY, Circuit Judges.*

PAUL KELLY, Jr., Circuit Judge.

Plaintiffs-appellants Dennis and Delores Counts appeal the district court's grant of summary judgment in favor of defendants-appellees Kissack Water and Oil Service, Inc., Profit Sharing Plan (Plan) and Kissack Water and Oil Service, Inc., Plan Administrator (Administrator), upholding the Administrator's refusal to pay Dennis Counts' retirement benefits in a lump sum payment. Because we find that the Plan was improperly amended to eliminate an optional form of benefit, the Administrator's decision was based on a mistake of law, and we must reverse.

From May 1982 to January 1990, Dennis Counts worked for Kissack Water and Oil Service, Inc. (Kissack), participated in its profit sharing plan, and became fully vested. During this time, the Plan offered several forms of benefits at the employer's discretion, including a lump sum payment. Upon terminating his employment, Mr. Counts requested that his retirement benefits be paid in a lump sum. This request was refused, and Mr. Counts was informed that the Plan had been amended in 1990 to delete the lump sum option and that he could only receive his benefits in installments.

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

An action was commenced in the Wyoming federal district court, claiming violations of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (ERISA). Employing the arbitrary and capricious standard, the district court determined that because the Plan had been lawfully amended to eliminate the option of a lump sum payment, the Administrator's decision was reasonable.

The various versions of the Plan have consistently granted the Administrator the power to interpret the Plan; therefore, an arbitrary and capricious standard of review must be applied to the Administrator's refusal to pay a lump sum benefit. *See Firestone Tire & Rubber v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). An administrator's action is arbitrary and capricious if it is based on a "lack of substantial evidence, mistake of law, bad faith, [or] conflict of interest." *Winchester v. Prudential Life Ins.*, 975 F.2d 1479, 1483 (10th Cir.1992). The district court's determination that the Administrator's decision was not arbitrary and capricious is reviewed de novo. *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir.1992); *Pratt v. Petroleum Prod. Mgt., Inc.*, 920 F.2d 651, 658 (10th Cir.1990).

■ The Counts contend that Kissack violated 29 U.S.C. § 1054(g)(2) [1] by amending the Plan in 1990 to eliminate the lump sum payment option. We agree.

Since 1984, 29 U.S.C. § 1054(g)(2) has prohibited the amendment of a pension plan to eliminate accrued benefits, including "an optional form of benefit." The payment of benefits in a lump sum is one such "optional form of benefit." *See* 26 C.F.R. § 1.411(d)–4, Q & A–1(b). Thus, unless an exception exists, by its very terms, the 1990 Plan amendment violated the proscription of 29 U.S.C. § 1054(g)(2).

A very limited exception to this statute was created, however, in 1988, when Treasury regulations were issued requiring the elimination of employer discretion as to the form of benefit to be paid.[2] 26 C.F.R. §§ 1.411(d)–4, Q & A–4(a) and Q & A–8(b). Employers whose pension plans allowed them to make the final decision as to the availability of an optional form of benefit were given three alternatives: (1) to amend the plan to eliminate the optional form of benefit; (2) to make the benefit available to all participants without limitation; or (3) to apply objective and nondiscriminatory criteria to the availability of the optional form of benefit. 26 C.F.R. § 1.411(d)–4, Q & A–8(b).

The regulations set out two relevant deadlines for compliance. First, the employer was required to "select" one of these alternatives prior to the first day of the first plan year beginning on or after January 1, 1989. 26 C.F.R. §§ 1.411(d)–4, Q & A 8(c)(1) and Q & A 9(c)(2). Second, the plan itself had to be amended by a particular date to reflect the employer's "selection." 26 C.F.R. § 1.411(d)–4, Q & A 8(c)(2).

Here, it appears that Kissack failed to "select" its operational alternative within the time permitted by the regulations. Kissack's profit sharing plan year runs from January 1 to the following December 31. The employer, therefore, was required to "select" its alternative by January 1, 1989, which was the "first day of the first plan year commencing on or after January 1, 1989." 26 C.F.R. § 1.411(d)–4, Q & A 9(c)(4). Kissack did not make its "selection," however, until March 9, 1989, several months after the deadline. *See* Distribution Policy, Aplee.App. at D. Because Kis-

---

**1.** The Counts, in their pro se brief, framed their argument in terms of a tax code violation, citing 26 U.S.C. § 411(d)(6)(B). This provision, which disqualifies a pension plan for tax purposes if it is amended to eliminate an optional form of benefit, is identical to an ERISA provision which prohibits the same conduct. Because the Counts' action is one for retirement benefits pursuant to 29 U.S.C. § 1132, we construe their argument as arising under the ERISA provision rather than under the tax code.

**2.** 29 U.S.C. § 1054(g)(2) makes Treasury regulations applicable to the ERISA provision, stating that "[t]he Secretary of the Treasury may by regulations provide that this subparagraph does not apply to a plan amendment [eliminating an optional form of benefit]."

sack failed to "select" its transitional alternative prior to the deadline, its subsequent Plan amendment did not qualify for the exception. 26 C.F.R. § 1.411(d)–4, Q & A 8(d).[3]

■ We have also considered whether Kissack's history of not awarding lump sum benefits constituted a "selection" prior to January 1, 1989. We hold that an employer may not be deemed to have achieved operational compliance with 26 C.F.R. § 1.411(d)–4, Q & A 8(c)(1) through mere inaction. Rather, the employer must have taken some affirmative step to formalize its selection, and consequently, to create an enforceable right in favor of the plan participants.

The only two cases addressing the "selection" requirement have held that the regulations were not satisfied where an employer simply relied on an unspoken informal policy of not granting lump sum benefits. In *Auwarter v. Donohue Paper Sales Corp. Defined Benefit Pension Plan*, 802 F.Supp. 830 (E.D.N.Y.1992), the court interpreted the "selection" requirement as imposing an affirmative duty to take some action by the date specified, and found that the employers' "contention that they 'selected' by continuing not to do something that they claim they had not been doing all along, namely paying out lump sum benefits, is logic strained beyond the bounds of reasonableness." *Id.* at 839. The court reasoned that if the regulations did not require an overt act by the employer, "there would be little reason to include a separate requirement of operational compliance." *Id.* So too, in *Hollingshead v. Burford Equipment Co.,* 747 F.Supp. 1421, 1434 (M.D.Ala.1990), the court rejected a claim that the company "selected" an operational alternative by not disbursing any benefits after a certain date.

Here, other than continuing an unspoken policy, Kissack first appears to have made its "selection" in March 1989, two months after it was required to do so under the

regulations. Thus, Kissack did not make a timely choice, and, after January 1, 1989, was not entitled to formally amend its Plan to eliminate the lump sum option for those whose rights had already accrued.

Instead, ERISA and the Treasury regulations required Kissack to amend its Plan to afford the lump sum option to all employees whose rights accrued prior to the 1990 amendment. Because employer discretion as to the availability of an optional form of benefit violated 29 U.S.C. § 1054(g)(2), Kissack was under a legal duty to eliminate such discretion. *See* 26 C.F.R. § 1.411(d)–4, Q & A 8(b) ("the plan must be amended"). Although prior to January 1, 1989, Kissack could have chosen any one of the three alternatives discussed above, it was prohibited after that date from either eliminating the lump sum option or imposing new objective conditions on its availability. 26 C.F.R. § 1.411(d)–4, Q & A 8(d). The only remaining alternative was to make the benefit available to all employees.

The retroactive application of a Plan amendment to eliminate an accrued benefit "is not only ineffective, but also arbitrary and capricious." *Pratt*, 920 F.2d at 661. Because the Administrator failed to interpret the Plan to offer the option of lump sum payments to any participant whose rights had accrued prior to the 1990 amendment, his interpretation was contrary to the requirements of ERISA, and was based on a "mistake of law." *Winchester*, 975 F.2d at 1483. His decision, therefore, cannot be upheld.

■ We note that the ineffectiveness of Kissack's "selection" has not been raised by either party on appeal. Based on the undisputed fact that the Distribution Policy was adopted in March 1989, two months after the deadline had passed, we cannot, as a matter of law, uphold the district court's determination that Kissack complied with the Treasury regulations. Although it is rarely done, an appellate court may, sua sponte, raise a dispositive issue of

---

**3.** It appears that Kissack attempted to cure the lateness of its "selection" by making its Distribution Policy retroactive to the beginning of the Plan year. The regulations, however, required

that the plan sponsor select a transitional alternative "[o]n or before the applicable effective date," 26 C.F.R. § 1.411(d)–4, Q & A 8(c)(1), which in this case was January 1, 1989.

law when the proper resolution is beyond doubt and the failure to address the issue would result in a miscarriage of justice. *See Gregory v. United States/United States Bankruptcy Court,* 942 F.2d 1498, 1500–01 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992); *see also Petrini v. Howard,* 918 F.2d 1482, 1483 n. 4 (10th Cir.1990).

The judgment of the United States District Court for the District of Wyoming is REVERSED, and the case is REMANDED with directions to enter judgment for the Plaintiffs-appellants.

### ORDER ON PETITION FOR REHEARING

March 12, 1993.

In our opinion, we held that the employer failed to make a timely selection of a transitional alternative eliminating an optional lump sum benefit. We relied on a Distribution Policy adopted by the employer on March 9, 1989, which we viewed as a selection intended to eliminate the optional form of benefit, to be followed by a timely amendment. *See* 26 C.F.R. §§ 1.411(d)–4, Q & A 8(b). Defendants-appellees now contend that a material issue of fact exists concerning whether the distribution policy prior to the March 9, 1989 announcement constitutes operational compliance with the regulations.

We have reviewed the materials contained in the petition for rehearing in the light most favorable to the Defendants to determine whether a remand to the district court is necessary. We decline to grant rehearing because the evidence submitted will not support an inference that the Defendants "selected" a transitional alternative prior to the March 9, 1989 Distribution Policy, which plainly was meant to constitute the selection within the meaning of the regulations. *See* I R. doc. 19 at 14–15; III R. 15–16. The contention that the Defendants "selected" a transitional alternative prior to this date, merely by continuing *not* to do something that they claim they had *not* been doing all along, namely awarding lump sum benefits, is untenable. While we recognize that selection of a transitional alternative was an operational requirement

that *did not call for a* contemporaneous plan amendment or special reporting, 26 C.F.R. §§ 1.411(d)–4, Q & A 8(c), the materials now submitted by the Defendants simply do not constitute significantly probative evidence of a selection to eliminate the optional form of benefit prior to the March 9, 1989 Distribution Policy.

The Petition for Rehearing is DENIED.