Cynthia **WRIGHT**, now known as Cynthia Pinkey, Plaintiff–Appellant,

v.

Leon **HICKMAN** and The Colorado Department of Corrections, Defendants–Appellees.

No. 00–1394.

United States Court of Appeals, Tenth Circuit.

Jan. 11, 2002.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [*]

HENRY, Circuit Judge.

After examining the briefs and the appellate record, this panel has determined

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case.

The court generally disfavors the citation of orders and judgments; nevertheless, an order

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Represented by counsel, Cynthia Pinkey filed this action against Leon Hickman and the Colorado Department of Corrections pursuant to 42 U.S.C. § 1983. She alleged that the defendant Mr. Hickman, a correctional officer at the CDOC, sexually assaulted her while she was incarcerated, thus violating her Eighth Amendment right to be free from cruel and unusual punishment. The district court granted summary judgment to the defendants and then denied Ms. Pinkey's motion for reconsideration.

Proceeding pro se, Ms. Pinkey now seeks to appeal both rulings. Although it is questionable whether Ms. Pinkey filed a timely appeal of the summary judgment ruling, we conclude that she did timely appeal the denial of her motion for reconsideration. We construe that motion as one for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and, for the reasons set forth below, we conclude that the motion should be granted. We therefore vacate the district court's ruling and remand for proceedings consistent with this opinion.

## I. BACKGROUND

In her initial complaint, Ms. Pinkey alleged that, beginning in November 1997, the defendant Mr. Hickman abused his authority as a corrections officer to sexually assault her while she was incarcerated at the CDOC's correctional facility in Pueblo, Colorado. She asserted that she sustained physical injuries as a result of the assaults. She further alleged that the CDOC was deliberately indifferent to her rights. Ms. Pinkey subsequently filed an Amended Complaint in which she set forth the same factual allegations and alleged a violation of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. She sought compensatory and punitive damages.

Prior to the filing of the amended complaint, the defendants filed a motion for summary judgment. They argued that she could not maintain an action against the CDOC because she could not "demonstrate that she was injured as a result of the DOC's alleged failure to conduct a timely investigation into the alleged misconduct of [Mr.] Hickman or its failure to discipline [Mr.] Hickman." Rec. doc. 22, at 7. (Defendants' Br. in Support of Motion for Summary Judgment, filed Aug. 2, 1999). As to the claim against Mr. Hickman, the defendants asserted that, because Ms. Pinkey had suffered no physical injury, she could not pursue an Eighth Amendment claim against him. *See id.* at 9–10.

In support of their motion, the defendants attached two investigative reports, one from the CDOC's Pueblo, Colorado facility and one from the CDOC's Criminal Investigation Division. The first report summarizes the results of interviews with Ms. Pinkey, Mr. Hickman, other inmates, and other corrections officials. It states that Ms. Pinkey reported that Mr. Hickman "would hug and pat her and touch her breasts" but that "they did not have sex." *Id.* Ex. A at 2. However, according to the first report, Ms. Pinkey informed a nurse that she had had sex with Mr. Hickman. *Id.* The first report further states that Mr. Hickman denied Ms. Pinkey's allegations, that two other inmates "could not substantiate [Ms. Pinkey's] allegations," and that another corrections officer "stated that he did not observe [Mr.] Hickman conduct himself improperly." The author of the first report concludes, "With the exception of talking with [Ms. Pinkey] about religion,

and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

none of [her] allegations can be substantiated." *Id.* at 3.

The second report contains summaries of further interviews with Ms. Pinkey, Mr. Hickman, and other CDOC officials. According to the summaries, Ms. Pinkey asserted that Mr. Hickman engaged in sexual intercourse with her, that she tried to get him to stop his sexual advances, and that she "felt that she had to have sex with Officer Hickman, and if she did not he would hurt her by writing her up, get her fired from her job or have her [put in] administrative segregation." *Id.* Ex. B at 3. She added that he inserted various objects into her vagina, causing her to bleed. *Id.* at 2. Mr. Hickman again denied the allegations, and other CDOC officials reported that they did not believe Ms. Pinkey.

In response to the defendants' summary judgment motion, Ms. Pinkey argued in part that "[t]he defendants have not presented any evidence that [she] was not raped nor have they produced any documentation that Ms. [Pinkey] did not suffer physical injury from being repeatedly raped and sexually assaulted." Rec. doc. 31, at 5 (Response to Motion for Summary Judgment, filed September 8, 1999). She also stated that her deposition testimony supported her version of the relevant events but added that the testimony had not yet been transcribed.

On December 3, 1999, the district court issued an order granting the defendants' motion for summary judgment and entered a final judgment in their favor. In reaching this conclusion, the court explained that

[i]t is not defendants' burden at the summary-judgment stage . . . to present

evidence that [Ms. Pinkey] was not raped and/or physically injured. To the contrary, once defendants have met their initial burden of demonstrating the absence of evidence to support [Ms. Pinkey's] case, which they have here, the burden shifts to [Ms. Pinkey] to demonstrate a genuine issue for trial on a material matter. This she may do by providing the court with affidavits, deposition testimony, or other materials which comply with [R]ule 56(e) of the Federal Rules of Civil Procedure. [Ms. Pinkey] has utterly failed to do so. In fact, Ms. [Pinkey] has not presented the court with any evidence whatsoever to support her version of the facts in her amended complaint. [Ms. Pinkey] may not rest upon the allegations in her amended complaint to create an issue of fact at this stage of the proceedings.

*Id.*, doc. 42, at 4–5 (order, filed Dec. 3, 1999) (internal quotation marks and citations omitted) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In a footnote, the court added that it was "mystified as to why, in the nearly three months which have elapsed since [Ms. Pinkey] filed her response [to the defendants' motion for summary judgment], counsel has failed to provide the court with a copy of [her] deposition transcript—or any other evidence for that matter—to oppose defendants' motion for summary judgment." *Id.* at 4 n. 2.

On January 3, 2000, Ms. Pinkey's counsel filed: (1) a motion for extension of time within which to file a motion for reconsideration and (2) a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).[1] Her counsel argued that an

---

**1.** We note that, in the motion for reconsideration, Ms. Pinkey's counsel cited Rule 59(b), not Rule 59(e). However, given that her counsel asked the district court to reconsider its resolution of the case, we believe that he

mistakenly referenced Rule 59(b). *Compare* Fed.R.Civ.P. 59(b) ("Any motion for a *new trial* shall be filed no later than 10 days after entry of judgment.") (emphasis added), *with id.* 59(e) ("Any motion to *alter or amend a*

extension of time should be granted because the final judgment, though entered on December 3, 1999, was not sent to him until December 20, 1999. He submitted an envelope from the United States District Court for the District of Colorado, postmarked December 20, 1999, to support this claim. He then argued that the court should reconsider its summary judgment decision because the failure to include supporting documents in the response to the defendants' summary judgment motion was *his* "inexcusable lapse." *Id.*, doc. 45, at 4 (motion for extension of time and motion for reconsideration, filed Jan. 3, 2000) ("[U]ndersigned begs the court to weigh the equities as they apply to the plaintiff alone . . . .").

The district court denied both motions. With respect to the motion for extension of time, it explained that "[a] 59(e) motion must be filed within ten days of entry of judgment" and that "Rule 6(b) expressly prohibits a district court from extending the ten-day limit on filing motions pursuant to [R]ule 59(e) for any reason." *Id.*, doc. 48, at 2 (order, filed Aug. 28, 2000). With respect to the motion for reconsideration, the court construed the motion as one filed pursuant to Rule 60(b) because it had been filed more than ten days after entry of judgment. The court then denied the Rule 60(b) motion because "[c]arelessness by a litigant or [her] counsel" was not "an excusable litigation mistake" under the rule. *Id.* at 4.

## II. DISCUSSION

On appeal, Ms. Pinkey contends that the district court erred in granting summary judgment to the defendants. We construe her appellate brief liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), and

*judgment* shall be filed no later than 10 days after the entry of judgment.") (emphasis add-

therefore read it as challenging both the district court's December 3, 1999 ruling granting summary judgment and its January 3, 2000 ruling denying the motion for reconsideration filed by her counsel.

### A. Jurisdiction

As a preliminary matter, we must clarify the scope of this court's jurisdiction over the case at bar. The district court granted the defendants' summary judgment motion and entered summary judgment in their favor on December 3, 1999. In order to appeal those rulings, Ms. Pinkey had to file a notice of appeal within thirty days. *See* Fed. R.App. P. 4(a)(1)(A).

■ Although that time for filing a notice of appeal may be tolled by the filing of a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion for relief from the judgment pursuant to Fed.R.Civ.P. 60(b), in order to have such a tolling effect, those motions must be filed no later than ten days after the entry of the judgment. *See* Fed. R.App. P. 4(a)(4)(A) (requiring *timely* Rule 59 and Rule 60 motions to extend the time to file an appeal); *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir.2000) (noting that an appeal period may be tolled "when a party timely files either a motion to alter or amend the judgment under [Rule] 59(e) (filed no later than ten days after entry of judgment), or a motion for relief under [Rule] 60 (provided that the Rule 60 motion is filed within ten days of entry of the judgment)"). Here, Ms. Pinkey did not file her motion for reconsideration until January 3, 2000, a month after the entry of summary judgment and final judgment for the defendants.

ed).

As noted above, Ms. Pinkey's counsel contended that the reason for that delay was that the district court did not notify him of the ruling until seventeen days after it was entered. As a general rule, the time for filing a motion to alter or amend the judgment may not be extended. *See* Fed.R.Civ.P. 6(b)(2) (stating that a district court may extend certain deadlines based on excusable neglect but that it "may *not* extend the time for taking any action under Rules ... 59(b), (d)[,] and (e)") (emphasis added). However, it is not entirely clear whether that prohibition must be applied in instances in which a party is not notified of the judgment until the ten-day deadline has already passed.[2]

In order to resolve the instant case, we need not decide this difficult issue: even if Ms. Pinkey's time to file post-judgment motions began to run on December 3, 1999, we conclude that her motion for reconsideration, filed on January 3, 2000, was still timely under Rule 60(b) of the Federal Rules of Civil Procedure, and that she is entitled to relief under that rule. *See infra,* part B.

Rule 60(b) authorizes the district court to relieve a party from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(1), (6). "[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) ... the judge has made a substantive mistake of law or fact in the final judgment or order." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir.1996). Generally, a motion filed pursuant to Rule 60(b)(1) must be filed not more than a year after the entry of the judgment. *See* Fed. R Civ. P. 60(b). However, when a Rule 60(b) alleges that the court has made a substantive error in applying the law, it must be filed within the time frame for filing a notice of appeal. *See id.*

Here, Ms. Pinkey filed her motion for reconsideration within the time for filing a notice of appeal of the December 3, 1999, summary judgment ruling.[3] Thus, her motion for reconsideration was a proper vehicle for challenging the court's substantive ruling granting summary judgment to the defendants. Moreover, the district court did not rule on that motion until August 29, 2000. Accordingly, pursuant to Fed. R.App. P. 4(a)(1)(A), Ms. Pinkey had thirty days within which to file an appeal of that ruling. She filed a notice of appeal on September 25, 2000, within the prescribed time period. We therefore conclude that we have jurisdiction to review the district court's denial of her motion for reconsideration, viewed as a motion for

---

**2.** Counterintuitively, and despite the due process implications, the Federal Rules of Civil Procedure and court decisions have not clearly allowed extension of the deadline for filing a motion to alter or amend the judgment under Rule 59(e), even when the court has failed to notify counsel of its rulings. *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (holding that the deadline for filing a Rule 59(e) motion may be extended in "unique circumstances".but clarifying that this exception applies "only where a party has performed an act which, if properly done, would

postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done"); *Weitz,* 214 F.3d at 1180 (noting that "the rules specifically and directly prohibit courts from granting any extensions for Rule 59(e) motions").

**3.** Although the thirtieth day after December 3, 1999 was January 2, 2000, that day was a Sunday. Thus, Ms. Pinkey had until January 3, 2000, to file a notice of appeal of the summary judgment ruling. *See* Fed.R.Civ.P. 6.

relief from the judgment pursuant to Rule 60(b).

### B. Motion for Reconsideration

■ Ordinarily, issues not raised before the trial court will not be considered on appeal. *Atlantic Richfield Co. v. American Airlines, Co.*, 98 F.3d 564, 571 (10th Cir.1996); *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.1992). Nevertheless, "[a]lthough it is rarely done, an appellate court may, sua sponte, raise a dispositive issue of law when the proper resolution is beyond doubt and the failure to raise the issue would result in a miscarriage of justice." *Counts v. Kissack Water and Oil Service, Inc.*, 986 F.2d 1322 (10th Cir.1993) (citing *Gregory v. United States/United States Bankruptcy Court*, 942 F.2d 1498, 1500–01 (10th Cir.1991).

■ Upon review of the record, we conclude that this is such a rare case: the district court based its denial of Ms. Pinkey's motion for reconsideration on an error of law and the failure to raise this issue would result in a miscarriage of justice. In particular, the court assumed that, in order to avoid summary judgment, Ms. Pinkey's counsel was obligated to submit evidentiary materials in support of her claims. In fact, in order to be entitled to summary judgment, *the moving parties* (here, the defendants) must make an initial showing: "that there is no issue of material fact and that they are entitled to judgment as a matter of law." *Henderson v. Inter–Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir.1994) (citing Fed.R.Civ.P. 56(c)). "Where the evidentiary matter in support of the motion does not establish the ab-

sence of a genuine issue, summary judgment *must be denied even if no opposing evidentiary matter is presented." Id.* (quoting Fed.R.Civ.P. 56(e) advisory committee's note (1963 amendment)) (emphasis added); *see also* 10B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2739, at 393–94 (1998) (stating that "the burden [of producing evidence] does not shift to the opposing party unless the movant has satisfied the Rule 56 standard"); *id.* vol. 10A § 2727.

Here, as noted above, the defendants' own evidentiary materials, attached to their motion for summary judgment, indicate that there are controverted issues of material fact pertaining to Ms. Pinkey's Eighth Amendment claim: according to the CDOC investigative reports, Ms. Pinkey asserted that she had been sexually assaulted and had suffered physical injuries while Mr. Hickman denied her allegations. In light of the conflicting evidence submitted by the defendants themselves, Ms. Pinkey was not required to submit additional evidence in order to avoid summary judgment.

■ Thus, the district court's denial of Ms. Pinkey's motion for reconsideration is based upon an incorrect application of the governing law. In light of the serious allegations involved in this case, we therefore conclude that the district court's denial of Ms. Pinkey's motion for reconsideration should be vacated. In light of the controverted issues of material fact set forth in the defendant's motion for summary judgment, summary judgment was not warranted.[4]

---

4. The dissent concludes that this is not an appropriate case to exercise our discretion under *Counts* and that to do so "would have a dramatic effect upon the adversary process and the role of a district court in that process." We simply disagree.

The allegations in this case, with some support in the record, suggest that Ms. Wright

was essentially raped by a prison guard. Although materials submitted by the defendants confirmed this very material fact was disputed, the court dismissed the case. Admittedly, plaintiff's counsel was asleep at the helm, and we do not fault the district court for not noting that the documents attached to the defendants' motion for summary judgment

## C. CONCLUSION

Accordingly, we REVERSE the district court's denial of Ms. Pinkey's motion for reconsideration and REMAND the case to the district court with instructions to VACATE the district court's grant of summary judgment to the defendants and to conduct further proceedings.

MURPHY, Circuit Judge, dissenting.

I dissent.

As the majority notes, this is an appeal from the denial of a motion under Rule 60(b). What the majority does not note is that orders under Rule 60(b) are reviewed for abuse of discretion. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir.2000). To reverse, as the majority does, it must necessarily hold that it is an abuse of discretion for the district court not to grant a Rule 60(b) motion on the basis of a theory never argued.

In this case, the facts are even more egregious. The theory upon which the majority relies for reversal has never been argued in this case. Plaintiff's counsel failed to argue the theory in opposition to a summary judgment motion. Plaintiff's counsel failed again to argue the theory when he untimely sought reconsideration under Rule 59. The district court properly deemed this untimely Rule 59 motion a Rule 60(b) motion, exercised its discretion, and denied the motion. Because the counseled plaintiff never presented a viable theory to either deny summary judgment

initially or to grant relief under Rule 60(b), the district court could not have abused its discretion.

In this now *pro se* appeal, the majority, *sua sponte*, finds a theory which, if presented to the district court, would have precluded entry of summary judgment initially. It does so invoking *Counts v. Kissack Water and Oil Service, Inc.*, 986 F.2d 1322 (10th Cir.1993). This is not that rare case under *Counts* justifying the forgiveness of multiple waivers: (1) it is a civil case; (2) plaintiff had counsel in the district court; (3) the theory upon which reversal is premised was never presented to the district court in spite of at least two procedural opportunities to do so; (4) the context of appellate review is Rule 60(b) under which relief is extraordinary, may only be granted in exceptional circumstances, and the standard of review is abuse of discretion. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990).

The majority's approach would have a dramatic effect upon the adversary process and the role of a district court in that process. According to the majority, our busy district courts are required to search through all the materials submitted on summary judgment in pursuit of any possible disputed issues of fact even though a factual dispute is not asserted. This approach defies Rules 56 and 60(b) and was not contemplated by *Counts*.

made the plaintiff's case. But the very serious allegations in this case deserve further review.

Additionally, the discretion we exercise under *Counts* is very case specific. We do not view our order and judgment in this case as requiring the district courts to search through summary judgment records sua sponte. Our decision demonstrates only that this court may notice error not argued by the parties in very rare circumstances like these in this spe-

cific case: when there are allegations of sexual assault by a pro se appellant, when her district court counsel failed to submit available and relevant evidence in support of those allegations, when her counsel failed to comply with procedural rules through no fault of her own, and when the record indicates that the district court granted summary judgment against her even though there are controverted issues of material fact.

I can find no abuse of discretion and thus would affirm the district court's denial of relief under Rule 60(b).