**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CYNTHIA WRIGHT, now known as
CYNTHIA PINKEY,

      Plaintiff-Appellant,

      v.

LEON HICKMAN and the
COLORADO DEPARTMENT OF
CORRECTIONS,

      Defendants-Appellees.

No. 00-1394

(D. Colorado)

(D.C. No. 98-N-2602)

---

**ORDER AND JUDGMENT** [*]

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-1-

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a)(2).  The case is therefore ordered submitted without oral argument.

Represented by counsel, Cynthia Pinkey filed this action against Leon Hickman and the Colorado Department of Corrections pursuant to 42 U.S.C. § 1983.  She alleged that   the defendant Mr. Hickman, a correctional officer at the CDOC, sexually assaulted her while she was incarcerated, thus violating her Eighth Amendment right to be free from cruel and unusual punishment.  The district court granted summary judgment to the defendants and then denied Ms. Pinkey's motion for reconsideration.

Proceeding pro se, Ms. Pinkey sought to appeal both rulings.  In a prior order and judgment, we concluded that Ms. Pinkey's motion for reconsideration, construed as a motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, should have been granted.  As a result, we vacated the district court's ruling and remanded for proceedings consistent with that opinion.  See Wright v. Hickman  , No. 00-1394, 2002 WL 32654 (10th Cir. Jan. 11, 2002).

The defendants-appellees have now filed a petition for rehearing en banc raising the following arguments:  (1) the panel opinion failed to apply the proper

standard of review and exceeded its jurisdiction by ruling on the district court's summary judgment order; (2) the panel opinion improperly shifted the burden of production on summary judgment; and (3) the Colorado Department of Corrections is entitled to Eleventh Amendment immunity.

Upon consideration of the petition for rehearing en banc and further review of the record, this panel has concluded that its prior decision constituted an unwarranted application of Counts v. Kissack Water & Oil Service, Inc., 986 F.2d 1322, 1325-26 (10th Cir. 1993), a case that held that "an appellate court may, sua sponte, raise a dispositive issue of law when the proper resolution is beyond doubt and the failure to raise the issue would result in a miscarriage of justice."[1] Accordingly, as to Ms. Pinkey's claim against the defendant Mr. Hickman, we vacate our prior order and judgment and affirm the district court's denial of Ms. Pinkey's motion to reconsider. As to Ms. Pinkey's claim against the Colorado Department of Corrections, we remand the case to the district court with instructions to dismiss that claim for a lack of subject matter jurisdiction pursuant to the Eleventh Amendment. See Thompson v. Calderon, 151 F.3d 918, 922 (9th Cir. 1998) (stating that "[i]t is well-established that a court of appeals is entitled both to reconsider a prior decision sua sponte and to order a rehearing sua

---

[1] As a result, we need not consider the specific arguments raised in the petition for rehearing en banc.

sponte") (citations omitted).


# I. BACKGROUND

Because the relevant facts are set forth in the prior order and judgment, we will summarize them only briefly here. In her initial complaint, Ms. Pinkey alleged that, beginning in November 1997, the defendant Mr. Hickman abused his authority as a corrections officer by sexually assaulting her while she was incarcerated at the CDOC's correctional facility in Pueblo, Colorado. Ms. Pinkey further alleged that the CDOC was deliberately indifferent to her rights.

In support of their summary judgment motion, the defendants attached two investigative reports. Both reports stated that Ms. Pinkey had alleged that Mr. Hickman had sexually assaulted her and that Mr. Hickman had denied her allegations. The reports concluded that Ms. Pinkey's allegations could not be substantiated.

In her response to the defendants' summary judgment motion, Ms. Pinkey's attorney stated that Ms. Pinkey's deposition testimony supported her version of the relevant events. He added that the testimony had not yet been transcribed.

On December 3, 1999, the district court issued an order granting the defendants' motion for summary judgment, reasoning that the defendants "have met their initial burden of demonstrating the absence of evidence to support [Ms.

Pinkey's] case" and that Ms. Pinkey had failed to offer any evidence to support the allegations of her complaint. Rec. doc. 2, at 4 (order filed Dec. 3, 1999).

On January 3, 2000, Ms. Pinkey's counsel filed: (1) a motion for extension of time within which to file a motion for reconsideration and (2) a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

The district court denied both motions. With respect to the motion for extension of time, the district court explained that "[a] 59(e) motion must be filed within ten days of entry of judgment" and that "Rule 6(b) expressly prohibits a district court from extending the ten-day limit on filing motions pursuant to [R]ule 59(e) for any reason." Id., doc. 48, at 2 (order, filed Aug. 28, 2000). With respect to the motion for reconsideration, the court construed the motion as one filed pursuant to Rule 60(b) because it had been filed more than ten days after entry of judgment. The court then denied the Rule 60(b) motion because "[c]arelessness by a litigant or [her] counsel" was not "an excusable litigation mistake" under the rule. Id. at 4.

## II. DISCUSSION

### A. Application of the Counts Decision

In our prior order and judgment, we concluded that "the defendants' own

evidentiary materials, attached to their motion for summary judgment, indicate that there are controverted issues of material fact pertaining to Ms. Pinkey's Eighth Amendment claim." Wright, 2002 WL 32654 , at *5. Thus, we reasoned, "the district court's denial of Ms. Pinkey's motion for reconsideration is based upon an incorrect application of the governing law." Id. Applying Counts, we then concluded that, in light of the seriousness of Ms. Pinkey's allegations (allegations of sexual abuse by a prison guard), the district court's denial of Ms. Pinkey's motion for reconsideration should be vacated, even though Ms. Pinkey had not raised the issue on which we decided the case (i.e., that the defendants' own summary judgment materials indicated that there were controverted material facts).

In their petition for rehearing en banc, the defendants observe that the procedural posture of Counts is distinguishable from the procedural posture here. In particular, the defendants note that, in Counts, this court reviewed the district court's grant of summary judgment rather than, as here, the denial of a motion for relief from the judgment under Fed. R. Civ. P. 60(b). The defendants add that different standards of review are applicable to these two decisions: summary judgment orders are reviewed de novo while the denial of a Rule 60(b) motion is reviewed for an abuse of discretion.

Although Counts did not involve a Rule 60(b) motion, the significance of

that distinction is not entirely clear.  In that case, this court did not expressly limit its authority to raise legal issues sua sponte to appeals of particular kinds of rulings.  Instead, <u>Counts</u> indicated that the court could exercise this authority if two conditions were satisfied: (1) "the proper resolution is beyond doubt" and (2) "the failure to address the issue would result in a miscarriage of justice."  <u>Counts,</u> 986 F.2d at 1325-26.

In order to resolve this case, we need not decide whether, as a general rule, the principle set forth in <u>Counts</u> is applicable to appeals of the denial of Rule 60(b) motions.  Instead, upon further review, we conclude that the record does not establish that the failure to address the issue that we raised sua sponte would result in a miscarriage of justice.

In reaching this conclusion, we note that Ms. Pinkey was represented by counsel in the district court proceedings.  Thus, her counsel had the opportunity to direct the district court to controverted facts set forth in the defendants' own summary judgment submissions.  Her counsel also had the opportunity to submit Ms. Pinkey's deposition in support of her objection to the defendants' motion for summary judgment.  In light of the opportunity afforded Ms. Pinkey's counsel, we conclude that the rare circumstances justifying the raising of a legal issue sua sponte on appeal are not present here.

### B. Appellate Jurisdiction

In light of our determination that we should not apply <u>Counts</u> to this case, we turn to the arguments actually raised by Ms. Pinkey. As a preliminary matter, we must clarify the scope of this court's jurisdiction.

The district court entered summary judgment in favor of the defendants on December 3, 1999. To appeal that ruling Ms. Pinkey was required to file a notice of appeal within thirty days. <u>See</u> Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). Ms. Pinkey's motion for reconsideration did not extend the time to file beyond this thirty-day period. <u>See</u> <u>id.</u> 4(a)(4)(A) (requiring *timely* Rule 59(e) and Rule 60(b) motions to extend the time to file an appeal); <u>see also</u> <u>Weitz v. Lovelace Health Sys., Inc.</u>, 214 F.3d 1175, 1178 (10th Cir. 2000) (noting that an appeal period may be tolled "when a party timely files either a motion to alter or amend the judgment under [Rule] 59(e) (filed no later than ten days after entry of judgment), or a motion for relief under [Rule] 60 (provided that the Rule 60 motion is filed within ten days of entry of the judgment)"). Because Ms. Pinkey did not file a notice of appeal within the proper time frame, this court lacks jurisdiction to review the grant of summary judgment to the defendants.

This court, however, does have jurisdiction to review the district court's

denial of Ms. Wright's motion for extension of time and motion for reconsideration. These motions were denied by the district court on August 29, 2000. Ms. Pinkey had thirty days within which to file an appeal with respect to these determinations, and, in this instance, she did act within the prescribed time frame.

### C. Denial of Motion for Extension of Time

We review the denial of a motion for extension of time made under Rule 6(b) for an abuse of discretion. See Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995). Rule 6(b)(2) of the Federal Rules of Civil Procedure provides that a district court may in its discretion grant an extension of time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect" but that the court "may *not* extend the time for taking any action under Rules . . . 59(b), (d)[,] and (e)." Fed. R. Civ. P. 6(b)(2) (emphasis added). Because Rule 6(b)(2) specifically prohibits an extension of time for motions filed pursuant to Rule 59(e), the district court acted properly in denying Ms. Pinkey's motion for extension of time within which to file a Rule 59(e) motion.

The Supreme Court's ruling in Thompson v. INS, 375 U.S. 384 (1964), does not lead us to conclude otherwise. Admittedly, in Thompson, the Court recognized that, "[i]n rare cases, . . . these time limits [could] be extended where

-9-

the party makes a showing of 'unique circumstances' justifying the delay." Weitz., 214 F.3d at 1178. But here there are no such unique circumstances. "[T]he rules specifically and directly prohibit courts from granting any extensions for Rule 59(e) motions." Id. at 1180.

### D. Denial of Rule 60(b) Motion

As noted in our prior order and judgment, we review the denial of a motion for reconsideration filed pursuant to Fed. R. Civ. P. 60(b) for an abuse of discretion. See Massengale v. Oklahoma Bd. of Examiners in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). Grounds warranting a motion for reconsideration include "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b), but

> Rule 60(b) is not intended to be a substitute for a direct appeal. Thus, as a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).

In denying Ms. Pinkey's motion for reconsideration, the district court determined that the mistake of Ms. Pinkey's counsel in failing to include

supporting documents in the response to the defendants' motion for summary judgment was not an "excusable litigation mistake" for purposes of Rule 60(b). We agree. Ms. Pinkey's counsel himself characterized his failure to act as an "inexcusable lapse." See Rec. vol. I, doc. 45, at 4 (motion for extension of time and motion for reconsideration, filed Jan. 3, 2000). [2] Moreover, this court has explicitly stated in prior cases that, "[i]f the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party." Cashner, 98 F.3d at 577.

Accordingly, we conclude that the district court did not abuse its discretion in denying Ms. Pinkey's motion for reconsideration.

## E. Eleventh Amendment Immunity

The Colorado Department of Corrections also argues that it is entitled to Eleventh Amendment immunity from Ms. Pinkey's § 1983 claim. Although the district court did not reach the issue, we agree that Eleventh Amendment immunity is warranted. See Ambus v. Granite Bd. of Educ., 975 F.2d 1555, 1559 (10th Cir. 1992). ("Eleventh Amendment immunity extends to state agencies that

---

[2] We further note that Mr. Pinkey's counsel did not direct the district court's attention to the controverted facts in the defendants' own summary judgment materials.

act as arms of the state.").

III.  CONCLUSION

Accordingly, as to Ms. Pinkey's claim against the defendant Mr. Hickman, we VACATE our prior order and judgment, and we AFFIRM the judgment of the district court denying Ms. Pinkey's motion for reconsideration.  The Petition for Rehearing En Banc is denied as moot.  As to Ms. Pinkey's claim against the defendant the Colorado Department of Corrections, we REMAND the case to the district court with instructions to DISMISS the claim for lack of jurisdiction.

Entered for the Court,


Robert H. Henry
United States Circuit Judge